IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON K. HENSLEY, AIS 179552, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:23-CV-227-MHT-CSC |
| | ) |
| ALABAMA DEPT. OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff's Amended Complaint (Doc. 8) filed in response to the Order of May 24, 2023 (Doc. 7), requiring Plaintiff to file an amended complaint that (1) does not combine unrelated claims that occurred during separate, unrelated time periods, even if similar; (2) identifies each individual personally responsible for the alleged violations of his constitutional rights; and (3) describes what each Defendant did that violated his constitutional rights. Although Plaintiff's Amended Complaint identifies five defendants, he has otherwise essentially re-packaged his original complaint. The Amended Complaint therefore suffers from essentially the same deficiencies identified in the Order of May 24, 2023. That is, Plaintiff's Amended Complaint fails to describe how the conduct or actions of **each** of the named defendants violated his constitutional rights, asserts unrelated claims which occurred at different institutions, and includes a supporting statement written in narrative form all of which has compromised the Court's ability to screen the Amended Complaint efficiently and effectively. *See* generally Fed. R. Civ. P.

8(a)(2) ("A pleading . . . must contain: (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" (emphasis added)); *see also Thetford v. Hoover City of Graves*, 619 F. App'x 986, 987 (11th Cir. 2015) (per curiam) (holding that "[a] district court has inherent authority to *sua sponte* demand repleader of complaints that do not conform to the requirements of Rule 8." (citation omitted)). Also, the allegations in the Amended Complaint are imprecise, assert a host of legal conclusions, and include "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015). In other words, the Amended Complaint's allegations are disjointed, rambling, or simply unclear so that it is difficult to discern "which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count").

Accordingly, it is ORDERED as follows:

1. By **June 23, 2023**, Plaintiff must file an amended complaint that cures the deficiencies identified in this Order.

2. Plaintiff must file his amended complaint on the Court's § 1983 form, which he must fill out completely.

3. The amended complaint filed in response to this Order will **supersede** all previous complaints. Therefore, Plaintiff is advised that this case will proceed only against

the defendants named and claims presented in the amended complaint filed pursuant to this Order.

4. The amended complaint must not incorporate by reference any earlier pleading. Likewise, the amended complaint must not incorporate arguments or text from any other documents, including any exhibits. However, exhibits necessary to support the amended complaint's allegations may be submitted.

5. The amended complaint must:

   a. **Name** the individuals Plaintiff contends are personally responsible for the alleged violations of his constitutional rights;

   b. Concisely describe what **each** Defendant did that amounted to a violation of Plaintiff's rights;

   c. State when and where the incidents underlying the violation of Plaintiff's rights occurred;

   d. Describe how the acts or omissions of **each** Defendant resulted in harm to Plaintiff;

   e. Identify the nature of that harm;

   f. State the relief he seeks.

6. <u>The amended complaint must not conglomerate claims, even if similar, which are unrelated to each other, which occurred at different institutions, or which occurred during separate, unrelated periods of time</u>. *See* Fed. R. Civ. P. 18(a) & 20(a)(2)(A). Thus, for each separate and distinct claim Plaintiff seeks to challenge, he must

file a separate complaint and either pay the $350 filing and $52 administrative fees or file an IFP motion.

The Clerk is DIRECTED to send Plaintiff a copy of the prisoner § 1983 form and this Order.

If Plaintiff fails to comply with this Order, the Magistrate Judge will recommend this case be dismissed.

Done, this 9th day of June 2023.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE