IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON K. HENSLEY, AIS 179552, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:23-CV-227-CSC |
| | ) |
| JOHN Q. HAMM, | ) |
| (DOC COMMISSIONER), et al., | ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM OPINION**[1]

Pro se Plaintiff Jason Hensley filed this 42 U.S.C. § 1983 action on April 21, 2023. By Order of June 22, 2023, the Court directed Defendants to file a Special Report and also directed Plaintiff to provide notice within ten days following any address change. Doc. 11. Plaintiff further was informed that failure to so report a change of address would result in a dismissal of this case. *Id.* at 3, ¶6. The docket reflects Plaintiff received a copy of that Order.

The Court recently determined that Plaintiff is no longer located at his most recent service address of record.[2] Accordingly, by Order of May 9, 2024, Plaintiff was directed

---

[1] The parties in this case consented to the exercise of jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c) for all proceedings. Doc. 35. Specifically, the parties executed a written consent form which reads, in relevant part, that in accordance with the provisions of § 636(c) and Federal Rule of Civil Procedure 73, the parties "consent to have a United States magistrate judge conduct all proceedings in this case, including trial, the entry of a final judgment, and post-judgment proceedings." Doc. 35-1.
.
[2] *See* https://doc.alabama.gov/InmateInfo (last visited June 5, 2024). Plaintiff's service address on record with the Court is the Alex City Community Work Center. *See* Doc. 10.

to file—by May 23, 2024—a current address or show cause why this case should not be dismissed for his failures to comply with the orders of the Court and to adequately prosecute this action. Doc. 43. The May 9, 2024, Order specifically informed Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff has not filed a response or otherwise complied with the May 9, 2024, Order.

Because of Plaintiff's failure to comply with Court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where the litigant has been forewarned.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Based on the foregoing, this case is dismissed without prejudice.

A Final Judgment will be entered separately.

3

Done this 5th day of June, 2024.

/s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE